The facts agreed and submitted to his Honor, and the questions arising thereon, to be determined by him, are as follows:
On 1 November, 1870, the plaintiff was duly appointed by his Excellency Governor Holden, one of the Commissioners to prepare a Code of practice and procedure in the different Courts, under secs. 2 and 3 of Art. IV of the Constitution, and under an ordinance of the Convention, entitled An Ordinance appointing commissioners, c., ratified 13 *Page 326 
March, 1868, vice V. C. Barringer, Esq., who had theretofore resigned his office as one of said commissioners.
2. That by virtue of the provisions of said sections of the Constitution and sec. 8 of the ordinance aforesaid, the plaintiff as commissioner as aforesaid, was entitled to have received a salary of $200 per month whilst actually engaged in the performance of his duties as said Commissioner; and by sec. 4 of said ordinance he was entitled to hold his office until 13 March, 1871.
3. That plaintiff accepted the office on 2 September, 1870, and was actually engaged in the performance of his duties of said office, until 13 March, 1871.
4. That on 20 December, 1870, the Legislature of the State passed an act purporting to repeal sec. 8, chap. 41, of the ordinance aforesaid.
5. That for his services as commissioner as aforesaid, from (473) 1 February, 1871, until 13 March, 1871, the plaintiff has received no compensation.
6. That he hath demanded of the defendant, who was at the time of such demand, and yet remains the Governor of the State of North Carolina, a warrant upon the Public Treasurer of said State for the amount of said compensation, to-wit: the sum of $286.
7. That the defendant has refused to issue a warrant for said sum, or any other sum in that behalf.
The question submitted to the Court, for decision, is whether the plaintiff is entitled to the said compensation, and to receive therefor from the defendant a warrant upon the Public Treasurer. If his Honor should be of the opinion that the plaintiff is so entitled, then a judgment that a peremptory writ of mandamus issue accordingly; otherwise, judgment against the plaintiff for costs.
His Honor, after argument, says:
"Plaintiff claims under secs. 2 and 3 of Art. IV of the Constitution, and under the provisions of chap. 41, of the ordinances of the Convention, ratified 13 March, 1868, secs. 4 and 8.
"Cons., Article IV, sec. 2, provides `that three commissioners shall be appointed by this convention to report to the General Assembly at its first session rules of practice and procedure, and shall provide for the commission a reasonable compensation.' Section 3 of the same article provides, that the same commission shall report to the General Assembly, as soon as practicable, a code of the laws of North Carolina, and that the Governor shall have power to fill all vacancies occurring in this commission."
Chapter 41, sec. 4, of an ordinance of the Convention provides that the commissioners shall hold their office for three years, c., and sec. 8 of the same ordinance provides that each of the commissioners shall *Page 327 
receive a salary of $200 per month, while actually engaged in the (474) performance of his duties as such, etc.
Laws 1870-'71, ch. 16, sec. 1, ratified 20 December, 1870, repeals sec. 8, ch. 41 of the Ordinances of the Convention, which provides that each commissioner shall receive $200 per month.
The question is: Is the plaintiff entitled to pay for services rendered from 1 February, 1871, to 13 March, 1871, after the ratification of the act of the General Assembly, which was on 20 December, 1870?
I am of opinion that this act of 20 December, 1870, is in contravention of secs. 2 and 3 of Art. IV of the Constitution, and, therefore, void. That while the Legislature might perhaps alter, amend or repeal an ordinance of the Convention which fixes a salary, yet if the Convention (as in this instance) provides that a reasonable compensation shall be made for the services mentioned, the Legislature could not abolish altogether the pay or salary without fixing another compensation which they deem reasonable.
It may be contended that as an ordinance of this Convention is of itself legislation, that it is the subject of repeal by subsequent legislation. This may be true, but then it would leave the amount that the plaintiff is entitled to under sec. 2, Art. V, an open question. This point is, however, not taken by the defendant upon the facts agreed.
Therefore, I decide that the plaintiff is entitled to the compensation claimed, and to receive from the defendant a warrant therefor, for which he is further entitled to a peremptory writ. Judgment accordingly, and for costs."
Defendant appealed.
Cotton v. Ellis, 52 N.C. 545, is directly in point. Cotton had been appointed Adjutant-General for three years, with a salary of $200. The Legislature passed an act repealing the (475) law under which Cotton had been appointed, both as to his appointment and salary. Cotton served his term and demanded pay, which the Governor, Ellis, refused. And this Court decided that he was entitled to it. The principles of that case are the same as in this, and it is unnecessary to repeat them. See also King v. Hunter, 65 N.C. 603.
PER CURIAM. Judgment affirmed.
Cited: Shaffner v. Jenkins, 72 N.C. 278; Wood v. Bellamy, 120. N.C. 218; Day's case, 124 N.C. 392.
Note. In effect overruled, Mial v. Ellington, 134 N.C. 131. *Page 328